UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAWRENCE R. STYLES and
MELINDA STYLES,

                        Plaintiffs,

                                                      **DECISION AND ORDER**
           v.                                                     10-CV-862A

UNITED STATES OF AMERICA,

                        Defendant.

---

**I.    INTRODUCTION**

Pending before the Court is a motion by defendant the United States of America to dismiss plaintiffs' complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"). Defendant wants the complaint dismissed on the grounds that plaintiffs submitted their claim to the United States Postal Service ("USPS") more than two years after it accrued, meaning that it is untimely under the Federal Tort Claims Act ("FTCA")[1], specifically 28 U.S.C. §§ 2401(b) and 2675. Plaintiffs respond that they can avail themselves of a tolling provision in the FTCA, namely 28 U.S.C. § 2679(d)(5), that would make their claim timely and that would preserve this case. The Court held oral argument on February 3, 2011

---

[1] 60 Stat. 842 (codified as amended in scattered sections of 28 U.S.C.).

and received supplemental briefing on February 9 and 11, 2011. For the reasons below, the Court grants the motion.

## II.     BACKGROUND

This case concerns allegations that on February 12, 2008, a USPS truck driven by employee Mark Herr ran a stop sign and collided with plaintiff Lawrence Styles' vehicle. Mr. Styles asserts one claim for negligence for the injuries that he suffered in the collision. Plaintiff Melinda Styles, Lawrence's wife, asserts one claim for loss of companionship, consortium, contribution, and services as a result of Lawrence's injuries. Plaintiffs have not advanced any assertion or argument that their claims accrued at any time other than the single date of February 12, 2008.

The procedural history of this case deserves close attention because the pending motion rests entirely on it. Between February 12, 2008 and May 11, 2010, plaintiffs did not present their claim to USPS as required by 28 U.S.C. §§ 2401(b) and 2675 and by 39 C.F.R. §§ 912.2–912.14. Instead, plaintiffs filed a complaint in this Court on November 23, 2009 under Case No. 09-CV-1058 (the "2009 Case"). The complaint in the 2009 Case named only USPS as a defendant, not Mark Herr or any individual employee. In the 2009 Case, the United States filed a motion to substitute itself for USPS and to dismiss the case for failure to present an administrative claim. In response, plaintiffs conceded "that they have failed to exhaust administrative remedies by failing to file [a]

claim with the United States Postal Service in accordance with the Federal Tort Reform [sic] Act, Title 28 U.S.C. §2675(a).  As such, Plaintiffs submit that subject matter jurisdiction in this court is lacking, and dismissal of their claims on this ground is required."  (2009 Case, Dkt. No. 8 at 1–2.)  Accordingly, the Court issued a Text Order on May 3, 2010 dismissing the 2009 Case for failure to exhaust administrative remedies and denying the rest of the motion as moot. Plaintiffs then submitted a claim to USPS that was dated May 11, 2010 and that USPS received on May 19, 2010.  By correspondence dated June 25, 2010, USPS denied plaintiffs' claims on the grounds that they were submitted more than two years after the collision occurred.  Plaintiffs responded by filing this case on October 29, 2010, naming the United States as sole defendant.

Defendant filed the pending motion to dismiss on December 30, 2010.  In support of the motion, defendant notes that the FTCA required plaintiffs to present their claims to USPS within two years of accrual.  Plaintiffs failed to do so, meaning that their administrative claim and their complaint in this case were untimely.  In opposition to the pending motion, plaintiffs cite 28 U.S.C. § 2679(d)(5) and its tolling of the deadline to present a claim to an agency in any case that is "dismissed for failure first to present a claim."  Plaintiffs assert that they have complied with all of the prerequisites in Section 2679(d)(5), meaning that this case may proceed as if they had presented their claim to USPS within two years of the accident.  Defendant counters plaintiffs' argument by asserting

3

that plaintiffs cannot avail themselves of Section 2679(d)(5) because that provision applies only when a plaintiff sues an individual whose status as a federal employee was not known initially. As part of this assertion, defendant notes that plaintiffs did not sue any individuals in the 2009 Case.

## III. DISCUSSION

The basic framework for commencing a claim against a federal agency is undisputed. "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The FTCA sets forth a specific limitations period for tort claims against the United States. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Because the FTCA operates as a waiver of sovereign immunity, its limitations period is strictly construed. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).

Additionally, the requirement under the FTCA to pursue and to exhaust administrative remedies before filing suit "is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citations omitted). Here, plaintiffs already have admitted that they did not present their claim to USPS until May 2010, well over two years after the accident in question. Plaintiffs' failure to comply with 28 U.S.C. §§ 2675(a) and 2401(b) alone justifies dismissal of this case. The pending motion to dismiss, and the early survival of plaintiffs' entire case, thus hinge on the applicability of the tolling provision set forth in 28 U.S.C. § 2679(d)(5).

Whether 28 U.S.C. § 2679(d)(5) applies and saves plaintiffs' claim ultimately rests on the meaning of three words in that provision. "Whenever an action or proceeding in which the United States is substituted as the party defendant *under this subsection* is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action." 28 U.S.C. § 2679(d)(5) (emphasis added). "This subsection" means 28 U.S.C. § 2679(d) as a whole, which sets forth what happens in any state or federal civil action "[u]pon certification by the Attorney General that the defendant employee was acting

5

within the scope of his office or employment at the time of the incident out of which the claim arose." Understanding why the Attorney General would need to certify anyone's federal-employee status requires turning to 28 U.S.C. 2679(c), which states that "[t]he Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury." Section 2679(c) thus puts Section 2679(d) in context: Because the Attorney General of the United States has a statutory obligation to defend any federal employee sued in tort within the scope of employment, he must step in and clarify federal-employee status in any case in which a plaintiff sues an individual defendant whose employer is unclear or made apparent later in the litigation. *See, e.g., Valdez ex rel. Donely v. U.S.*, 518 F.3d 173 (2d Cir. 2008) (invoking Section 2679(d)(5) where a plaintiff sued a health center in state court without realizing that the center received federal funding); *Pinchasow v. U.S.*, 408 F. Supp. 2d 138, 144 (E.D.N.Y. 2006) ("The statutory amendment [creating Section 2679(d)(5)] was intended to mitigate any hardship that the exhaustion requirement might impose on a plaintiff who institutes an action in state court against a defendant who is not readily identifiable as a federal employee.") (citation omitted).

Plaintiffs here present none of the circumstances that Sections 2679(c) and (d)(5) contemplate. Plaintiffs never sued an individual defendant. If plaintiffs had sued an individual then, barring unusual circumstances, that

6

individual's status as a federal employee would have been obvious given the nature of the allegations in the complaint.  Plaintiffs conceded as much in their supplemental briefing, arguing that "there is no dispute that the USPS is a federal agency and the USPS employee was clearly acting within the scope of his employment while driving a postal truck."  (Dkt. No. 10 at 3.)  Additionally, plaintiffs have not presented any alternative, equitable reason why the Attorney General would have had to certify anyone's employment status and thereby trigger the tolling provision of Section 2679(d)(5).  Plaintiffs have argued that suing USPS in the 2009 Case required automatic substitution of the United States as defendant.  Perhaps, but that scenario still would not involve any individual whose federal employment status needed to be certified.  Simply put, plaintiffs knew the correct agency, the correct ultimate defendant, and the correct court all along; they just did not present the claim to USPS in time, for no reason that they have explained.  Section 2679(d)(5) thus never comes into play in this case, leaving plaintiffs without any provision under the FTCA that can save their untimely claim.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants defendant's motion to dismiss (Dkt. No. 5). The Clerk of the Court shall close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 22, 2011